UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY QUINONEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC,<br><br>    Defendants. | No. 2:19-cv-2032-KJM<br><br>ORDER |

In this case brought under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), plaintiff moves to remand on the basis that the amount in controversy does not meet the jurisdictional minimum for diversity jurisdiction in federal court. For the reasons below, the court DENIES the motion.

I.    BACKGROUND

On or around January 15, 2018, plaintiff Mary Quinonez ("plaintiff") purchased the vehicle at issue from defendants; the vehicle was a 2017 Jeep that qualified as a new vehicle under the Song-Beverly Act. Notice of Removal Ex. A, ECF No. 1-1 at 16 (plaintiff's state court complaint). At the time of purchase, plaintiff claims she received express and implied warranties under the Song-Beverly Act from defendants, including representations that: the vehicle would be free from all defects; the vehicle would be fit "for the ordinary purposes for which it was intended"; defendants would perform any "repairs, alignments, adjustments, and/or replacements"

1

of the vehicle for three years; and defendants would maintain the utility of the vehicle for three years. *Id.* at 17. Plaintiff alleges that on three separate occasions she delivered the vehicle to defendants for repairs related to "transmission failure, replacement transmission failures, loss of power, acceleration issues, cooler failure and engine light malfunctions." *Id.* With each attempted repair, defendants allegedly communicated to plaintiff they would conform the vehicle to the express and implied warranties. *Id.* at 17–18. Plaintiff claims that despite these communications, defendants failed to conform the vehicle to the warranties because "said defects, malfunctions, misadjustments [sic], and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given." *Id.* at 18.

Following these alleged events, on September 25, 2019 plaintiff filed her complaint in San Joaquin County Superior Court. *Id.* at 15. On October 9, 2019, defendants FCA US LLC ("defendants") filed with this court a Notice of Removal of the San Joaquin County Superior Court case, No. STK-CV-UBC-2019-12729. Notice of Removal, ECF No. 1. On February 5, 2020, plaintiff moved to remand this action to San Joaquin County Superior Court. Mot. to Remand, ECF No. 7. On February 20, 2020, defendants filed an opposition to plaintiff's motion. Opp'n, ECF No. 10. On February 28, 2020, plaintiff filed a reply to defendants' opposition. Reply, ECF No. 12.

Defendants removed the action to this court on the basis of diversity jurisdiction, arguing diversity of citizenship exists between defendants and plaintiff and the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 9–20; *see also* 28 U.S.C. § 1332(a). Plaintiff moves to remand, arguing defendants have failed to demonstrate diversity jurisdiction. Mot. to Remand at 3–5; Barry Decl., ECF No. 7-1 (attorney for plaintiff outlining timing of instant motion and his meeting with defendants' counsel). Plaintiff concedes there is diversity of citizenship between herself and defendants, but she disputes the amount in controversy. Mot. to Remand at 3.

## II. LEGAL STANDARD

A motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction. *See* 28 U.S.C. § 1447(c).[1] Removal is only proper when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It is not "a prospective assessment of defendant's liability." *Id.* In this circuit, when the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 397; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]."). To determine if the amount in controversy is met, the district court considers the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted), as well as evidence filed in opposition to the motion to remand, *Lenau v. Bank of Am.*, N.A., 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (including *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)). Ultimately, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citation omitted).

## III. DISCUSSION

Plaintiff did not specify an amount of damages in her complaint—she merely stated the amount in controversy exceeded the state court jurisdictional requirement of $25,000.

---

[1] A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

1  Notice of Removal Ex. A at 18.  Therefore, defendants must show it is more likely than not that
2  the total amount in controversy exceeds $75,000 for this court to exercise jurisdiction over this
3  case.  The court turns to the arguments and evidence regarding this issue.

      A.      <u>Damages and Civil Penalties Sought</u>

To decide whether defendants have met their burden of showing it is more likely than not the amount in controversy exceeds $75,000, the court analyzes plaintiff's complaint and defendants' subsequent arguments, reviewing both the notice of removal and the opposition to plaintiff's motion to remand.  Plaintiff's complaint identifies the damages and penalties sought as follows:

> The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

Notice of Removal Ex. A at 18.  Defendants maintain that because the second sentence quoted above begins with "[i]n addition," plaintiff seeks "more than $25,000 in damages and *additionally* exemplary damages."  Opp'n at 4 (emphasis in original).  Plaintiff disputes defendants' reading; she argues defendants omit key parts in quoting her damages request in their opposition and included the word "[and]" before "[i]n addition," which alters the paragraph's meaning.  Reply at 2. Plaintiff further clarifies her position, that "the fact that **actual damages** are included in the list of damages from the second sentence should be an indicator that the intention of this sentence is not to list additional damages beyond the $25,000.00 amount."  *Id.* (emphasis in original).

On the one hand, plaintiff's interpretation of this portion of her complaint makes some sense.  The first sentence can be read as introductory, functioning as an umbrella for the whole paragraph, whereas the second sentence acts as explanatory connected by "[i]n addition."  The court notes that defendants' insertion of the word "[and]" in its quotation of plaintiff's complaint does alter the meaning of the sentences taken together, as plaintiff argues.  Plaintiff's

4

prayer for relief also lists potential damages, and can be seen as consistent with plaintiff's reading of the quoted paragraph. In her prayer for relief, specifically, plaintiff requests the following: (1) replacement or restitution, "at Plaintiff's election, according to proof"; (2) incidental damages; (3) consequential damages; (4) damages "sustained from negligent auto repairs"; (5) civil penalty "as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages"; (6) attorneys' fees; (7) costs of the lawsuit and expenses; (8) the difference between the value of the vehicle as accepted and the value of the vehicle had it been as warranted; (9) remedies from Chapter 6 and 7 of Division 2 of the Commercial Code; (10) pre-judgment interest; and (11) any other appropriate relief. Notice of Removal Ex. A at 22. This list closely tracks the second sentence of the paragraph quoted above.

Accepting plaintiff's construction of the relevant language, however, does not mean plaintiff is correct about the amount in controversy. Rather, the court finds it is more likely than not that the amount in controversy exceeds $75,000 for the following reasons.

First, plaintiff concedes she has alleged she entered into "a retail installment contract in the amount of approximately $31,500.00" for the vehicle. Mot. to Remand at 4. Despite this concession, plaintiff does not believe $31,500.00 reflects the amount in controversy because plaintiff requests "restitution for all money paid to Defendant, yet Defendant fails to indicate an amount of payments made." *Id.* The court does not agree. As noted, plaintiff's prayer for relief requests "replacement or restitution" and also lists incidental, consequential, and negligent auto repair damages. Notice of Removal Ex. A at 22. As defendants correctly show, if plaintiff successfully litigates her claims, then defendants must "pay restitution to her for payments made on the sales contract and pay off the balance of Plaintiff's loan, on her behalf, to the lienholder of the Vehicle." Opp'n at 5. In other words, she could receive "$31,500 in the form of both payments made to date as well as value of the release from her personal loan." *Id.* Plaintiff's focus on payments and any decrease in value resulting from her use of the vehicle mischaracterizes the amount in controversy as a "prospective assessment of defendant's liability" as opposed to the "estimate of the total amount in dispute."

Second, plaintiff's prayer for relief includes a request for civil penalties "as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages." Notice of Removal Ex. A at 22. Two times plaintiff's potential actual damages of $31,500 is $63,000; the total of $31,500 and $63,000 is $94,500. Thus, even without the other damages listed in plaintiff's prayer for relief, the total restitution and civil penalties in controversy are more likely than not to exceed the $75,000 jurisdictional minimum. The court also notes that other courts, when analyzing a complaint with the exact wording incorporated in plaintiff's complaint here, have reached the same conclusion with respect to interpretation of that wording. *See Bernstein v. BMW of N.Am.*, No. 18-cv-01801-JSC, 2018 WL 2210683 at *2, (N.D. Cal. May 15, 2018) (reasoning the "incidental, consequential, exemplary, and actual damages" sought are in addition to the $25,000 sought).

B.      Attorneys' Fees

In the notice of removal, defendants state that even though they do not need to include attorneys' fees in this calculation, the court "should consider the range of fee awards that Plaintiff would receive if he [sic] were to be victorious at trial." Notice Of Removal at 6. Defendants further claim: "It requires no great familiarity with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial." *Id.* at 6–7.

Plaintiff notes district courts within this circuit are split with respect to including prospective attorneys' fees in the amount in controversy. Mot. to Remand at 5. While district courts have split on this issue in the past, plaintiff neglects to mention recent Ninth Circuit precedent directing district courts to engage in some consideration of prospective attorneys' fees when calculating the amount in controversy. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–29 (9th Cir. Sept. 3, 2019) (overruling district court's remand order where that court had declined to include attorneys' fees in its calculations).

The court need not calculate, however, prospective attorneys' fees for this case at this juncture. This is because, for the reasons listed in the previous section, the court has already

found the amount in controversy is more likely than not to exceed $75,000, even without the inclusion of fees.

      C.      <u>Comity Principles</u>

Finally, plaintiff asserts that comity principles weigh heavily in favor of this court's remanding the case to state court; plaintiff argues basing an amount in controversy calculation on Song-Beverly Act civil penalties does not respect comity and could lead to federal courts deciding all Song-Beverly Act cases. Mot. to Remand at 7. Plaintiff also claims the express and implied warranties here "require consideration of numerous state-specific issues on sensitive, uniquely state-law issues of regulation and statutory interpretation." *Id.*

Plaintiff's argument does not persuade this court. She does not cite controlling or persuasive authority on point, and does not acknowledge the numerous cases allowing federal courts to exercise jurisdiction over Song-Beverly Act civil penalties. *See, e.g., Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (affirming district court's calculation of amount in controversy, which included penalties under state Song-Beverly Act).

IV.      <u>CONCLUSION</u>

The motion to remand is DENIED. This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED: June 19, 2020.

                                          CHIEF UNITED STATES DISTRICT JUDGE