UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Mary Quinonez, | No. 2:19-cv-02032-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| FCA US, LLC, | |
| Defendant. | |

The parties settled the substantive claims in this Song-Beverly action, and as the prevailing party, plaintiff Mary Quinonez moves for defendant FCA US, LLC (FCA) to pay her reasonable attorneys' fees and costs. For the reasons below, the court **grants the motion**.

**I.    BACKGROUND**

Mary Quinonez purchased a used Jeep Renegade from defendant FCA for $35,070.75. Mot. at 1, ECF No. 33-1. She experienced several problems with the car including "ongoing issues with transmission failures, loss of power, acceleration issues, check engine light illuminating and cooler failure." *Id.* Eventually, Quinonez retained counsel to file this Song-Beverly action. *Id.* Counsel Elizabeth Quinn and David N. Barry agreed to work on a contingent fee basis. *Id.* at 1–2. Quinonez initially filed this case in state court and FCA removed. Not. of Removal at 1, ECF No. 1. Quinonez moved to remand, Mot. to remand, ECF No. 7, which the

1

court denied, Prev. Order (June 19, 2020), ECF No. 18.  After conducting discovery and litigating the case for nearly two years, the parties reached a settlement in which FCA paid Quinonez $23,703.60.  Mot. at 1; Release Agreement at 1, Mot. Ex. 3, ECF No. 33-5 ("Plaintiff shall be deemed the prevailing party in this action.").

Quinonez now moves to recover reasonable attorneys' fees and costs.  Mot., ECF No. 33-1.  The motion is fully briefed, and the court submitted the motion without oral argument.  Opp'n, ECF No. 35; Reply, ECF No. 36; Min. Order, ECF No. 37.

## II.    LEGAL STANDARD

Fee requests under the Song-Beverly Act are governed by California Civil Code section 1794(d).  Plaintiff buyers who prevail under that section "shall" recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended," as long as those amounts were "reasonably incurred by the buyer in connection with the commencement and prosecution" of the case.  Cal. Civ. Code § 1794(d).  "The plain wording of [this] statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged."  *Robertson v. Fleetwood Travel Trailers of CA, Inc.*, 144 Cal. App. 4th 785, 817 (2006) (emphasis omitted).  For that reason, "[a] prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount."  *Durham v. FCA US LLC*, No. 17-596, 2020 WL 243115, at *3 (E.D. Cal. Jan. 16, 2020) (quotations and citations omitted)).

If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice."  *Id*. at *3 (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th at 550, 564 (2008)).  "Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive."  *Id*. (citation omitted).  "[T]he party opposing the fee award can be expected to identify the particular charges it considers objectionable."  *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009).

/////

1  **III.   ANALYSIS**

2      Under the parties' settlement agreement, Quinonez is the prevailing party and entitled to
3  reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. Release Agreement
4  at 1. She seeks $64,045.00 in fees and $5,472.55 in costs and expenses. Mot. at 5 (citing
5  Activities Export, Barry Decl. Ex. 4, ECF No. 33-6; Itemized Costs, Barry Decl., Ex. 5, ECF
6  No. 33-6). In evaluating Quinonez's motion, the court makes a lodestar calculation by
7  multiplying counsel's reasonable hourly rate by the number of hours reasonably expended.
8  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (citation omitted).
9  Then, having determined the lodestar fee award, the court considers whether to apply an
10 adjustment. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

11      **A.     Reasonable Rates**

12      A reasonable hourly rate is "the rate prevailing in the community for similar work." *Arias*
13 *v. Ford Motor Co.*, No. 18-1928, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020). "The
14 relevant community is the community in which the court sits." *Id.* (citation omitted). To
15 determine a reasonable rate, a court may refer to "[a]ffidavits of the plaintiffs' attorney and other
16 attorneys regarding prevailing fees in the community" and rates paid in other cases. *United*
17 *Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "If an applicant
18 fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates
19 based on its experience and knowledge of prevailing rates in the community." *Arias*, 2020 WL
20 1940843, at *3 (citations omitted).

21      Here, plaintiff seeks to recover the fees generated by the work of two attorneys: David N.
22 Barry who has an hourly rate of $525, and Elizabeth Quinn who has an hourly rate of $450. Mot.
23 at 8 (citing Barry Decl., ECF No. 33-2; Quinn Decl., ECF No. 33-9). When they filed the
24 operative motion for attorney's fees, both Barry and Quinn each had been practicing for 21 years
25 and Barry had specialized in consumer law for over a decade. Barry Decl. ¶ 12; Quinn Decl. ¶ 1.
26 Courts have awarded $500 per hour for attorneys with 20 years' experience. *See, e.g., Seebach v.*
27 *BMW of N. Am., LLC.*, No. 2:18-109, 2020 WL 4923664, at *3 (E.D. Cal. Aug. 21, 2020)
28 (collecting cases). For the purposes of an initial lodestar calculation, the court decreases Barry's

hourly rate to $500 per hour to align with the community standard and maintains Quinn's $450 fee.[1] *See Nagesh v. BMW of N. Am., LLC*, No. 2:18-839, 2021 WL 1060357, at *4 (E.D. Cal. Mar. 19, 2021).

### B. Reasonable Hours

In determining the hours to use in a lodestar calculation, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "'[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132. But generally, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "[T]he court will not second-guess" the conduct of a "reasonable attorney" in charting the course of "litigation strategy for the case." *E-Pass Techs., Inc. v. 3Com Corp.*, No. 00-2255, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007).

FCA bears the burden here to "identify the particular charges it considers objectionable." *Gorman*, 178 Cal. App. 4th at 101. FCA does challenge the reasonableness of the hours spent working on this case. Specifically, FCA objects to plaintiff's recovering fees for the time her counsel spent traveling for depositions, providing client updates, discussing the release agreement, working on the motion to remand, drafting the fee motion, and attending the vehicle surrender. Opp'n at 4–8.

First, FCA argues it should not be liable for the costs of Ms. Quinn's traveling from Los Angeles to Stockton for depositions. Quinn traveled from Los Angeles to Stockton three times for defendant's deposition of Quinonez. She billed a total of 32.5 hours for travel. Activities Export at 18, 21–22, 30. FCA argues these travel hours were unnecessary because, as the depositions took place in December 2020 and February 2021 during the "height of the [COVID-

---

[1] This adjustment also appears to reflect the attorneys' roughly equal experience, though Barry's position as managing partner may account for some discrepancy in their respective fee rates.

19] pandemic," all of the depositions were virtual, and one was even cancelled by plaintiff the morning of the deposition. Opp'n at 5. Ms. Quinn emailed defense counsel to cancel the deposition after she had traveled to Stockton, and after Quinonez reported she was in quarantine due to a COVID-19 exposure. Email, Skanes Decl. Ex. E, ECF No. 35-6 Attorneys regularly receive compensation for reasonable time spent traveling during the course of litigation. *Jones v. McGill*, No. 08-396, 2009 WL 1862457, at *3 (E.D. Cal. June 29, 2009) (finding "15 hours is a reasonable amount of travel time, considering [counsel] resided 2–3 hours of driving time away from the location of the underlying incident and witnesses"). The decision regarding whether travel for her client's deposition would serve her client is best left to the reasonable judgment of Ms. Quinn. *See Runs Through v. Dschaak*, No. 20-93, 2022 WL 1060589, at *3 (D. Mont. Apr. 8, 2022) (finding "[i]t was reasonable for [counsel] to travel . . . twice to meet with [p]laintiffs and attend a deposition"). Here, the record reflects Ms. Quinn traveled with the good faith expectation of participating in the deposition, without knowing her client would be quarantined by the time she arrived. Thus, the court declines to reduce these hours.

FCA also argues plaintiff's counsels' billed hours for providing client updates are excessive and unreasonable. Opp'n at 6. "In total, the fee bill includes 11.6 hours from Attorney Barry" for updating plaintiff on the status of the case by email or phone. *Id*. FCA challenges the reasonableness of both the number of updates and the decision to have the managing partner with the highest billing rate deliver those updates. *Id.* While plaintiff does not respond to these objections, keeping a client updated on a case is a necessary task for an attorney. Spending a total of 11.6 hours over the course of two years discussing the case with Quinonez is not unreasonable and the record does not indicate that Barry used this task as a means simply to drive up his fees or costs.

FCA further argues the hours plaintiff's counsel billed for negotiating the release agreement were excessive because the agreement "was substantially similar to other releases executed by [p]laintiff's [c]ounsel's office in the past." Opp'n at 6. Mr. Barry spent a total of 3.5 hours working on the release. Activities Export at 35–38. It is appropriate to award attorney's fees for time spent negotiating settlement terms tailored to this case; the court finds the time spent

5

by Barry here was reasonable notwithstanding that the release was "similar to other releases executed by [p]laintiff's [c]ounsel's office in the past." Opp'n at 6; *compare Patty v. FCA US, LLC*, No. 2:16-1332, 2020 WL 1082773 (E.D. Cal. Mar. 6, 2020) (reducing fees where plaintiff's counsel spent 83 hours working on the settlement after an initial offer and only secured an additional $9,000). Plaintiff may recover the fees for Barry's 3.5 hours of work.

Next, FCA argues that the court should not permit any recovery for time spent on the plaintiff's motion to remand because "[t]hese fees were not incur[red] in the litigation of the underlying claims and achieved no litigation objective in this matter." Opp'n at 7. But courts have permitted plaintiffs' counsel to recover reasonable fees for time spent on motions to remand in Song-Beverly cases, including those in which FCA was a party. *See Cox v. FCA US LLC*, No. 20-03808, 2022 WL 316681, at *3 (N.D. Cal. Feb. 2, 2022) (noting FCA only objected to the number of "hours spent on the motion to remand [a]s excessive"). As there is no argument that the 3.3 hours counsel spent on the motion were excessive, the court finds plaintiff may recover for those hours.

FCA also challenges the plaintiff's ability to recover fees for the time counsel spent on filing the instant motion for attorneys' fees. Opp'n at 7. Generally, a "plaintiff is entitled to [reasonable] fees spent drafting and defending the fee motion." *Seebach*, 2020 WL 4923664, at *5 (citation omitted). The court finds the 9.5 hours Barry spent on this motion reasonable. *See* Activities Export at 37–38; *Cardoso v. FCA US LLC*, No. 20-2250, 2021 WL 1176532, at *5 (N.D. Cal. Mar. 29, 2021) (declining to reduce request for $4,556 for 13.4 hours of work preparing a motion for attorney's fees "absent a showing that the motion is a template of one previously used by counsel"). The parties' inability to resolve the attorneys' fees without plaintiff's filing this motion is not a basis to deny plaintiff's counsel compensation for their time briefing it. *See* Opp'n at 7. The court declines to decrease the fees on this ground.

Lastly, FCA objects to plaintiff's counsels' hours claimed for preparing for, traveling to, and attending the vehicle surrender. Opp'n at 8. Mr. Barry has spent one hour on the paperwork related to the surrender, which is compensable. Activities Export at 39. FCA argues that surrendering the vehicle, which has yet to happen in this case, does not require the presence of an

attorney. Opp'n at 8. Plaintiff does not respond to this argument. *See generally* Reply. On this record, nothing supports the conclusion that surrendering the vehicle requires the presence of an attorney and so the court declines to provide compensation for 6.5 hours counsel allots to this task. The court includes the one hour for work actually performed in the lodestar calculation.

Based on the above, the court finds Mr. Barry may be reimbursed for 58.7 hours and Ms. Quinn may be reimbursed for 66.3 hours.

### C.  Multiplier

A lodestar fee award "may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. "A contingent fee agreement only favors an upward departure when there is an 'uncertainty of prevailing on the merits and of establishing eligibility for the award.'" *Seebach*, 2020 WL 4923664, at *6 (citation omitted).

Here, this case did not involve any novel or difficult issues. Plaintiff's counsel was not required to exercise any unusual skill or precluded from taking other work. *See Nagesh*, 2021 WL 1060357, at *5. Although counsel completed this work on a contingent fee basis, the court finds an enhancement to the lodestar award is not warranted in this case. *See Seebach*, 2020 WL 4923664, at *6 ("Given that plaintiff's counsel "regularly undertakes this type of work," the court does not find counsel faced such uncertainty of prevailing on the merits that a multiplier is warranted.").

## IV.  CONCLUSION

The court **grants the plaintiff's motion (ECF No. 33)** and awards attorneys' fees as follows: for Mr. Barry, 58.7 hours at a rate of $500 per hour, plus for Ms. Quinn, 66.3 hours at a rate of $450, for a total **award of attorneys' fees in the amount of $59,185.** The court also

/////

/////

/////

awards the **$5,472.55 in costs and expenses, which defendant did not challenge**. These amounts shall be paid to plaintiff's counsel within the next twenty-one (21) days.

IT IS SO ORDERED.

DATED: June 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE